*E-filed 9/17/07*

1  Vincent P. Hurley #111215
   LAW OFFICES OF VINCENT P. HURLEY
2  A Professional Corporation
   38 Seascape Village
3  Aptos, California 95003
   Telephone:  (831) 661-4800
4  Facsimile:  (831) 661-4804

5  Attorneys for Defendants
   CITY OF SOLEDAD, OFFICER JENNIFER SUE PARTON,
6  and OFFICER THOMAS MARCHESE

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11
                                              )    Case No. C-07-00641 JF (HRL)
12  EMILO CHAVEZ, an individual, and          )
    MERCED CHAVEZ, an individual,             )     AMENDED
13                                            )    STIPULATED PROTECTIVE ORDER
                     Plaintiffs,              )
14                                            )
         vs.                                  )
15                                            )
                                              )
16  CITY OF SOLEDAD, a municipal              )
    corporation; OFFICER JENNIFER SUE         )
17  PARTON, an individual; OFFICER            )
    THOMAS MARCHESE, an individual; and       )
18  DOES 1 through 50, inclusive              )
                                              )
19                   Defendants               )
                                              )
20

21       1.    PURPOSES AND LIMITATIONS

22       Disclosure and discovery activity in this action are likely to involve production of

23  confidential, proprietary, or private information for which special protection from public

24  disclosure and from use for any purpose other than prosecuting this litigation would be

25  warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

26  following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

27  blanket protections on all disclosures or responses to discovery and that the protection it affords

28  extends only to the limited information or items that are entitled under FRCP 26(c) and other applicable legal

                                        1

1   principles to treatment as confidential.  The parties further acknowledge, as set forth in

2   Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential

3   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

4   and reflects the standards that will be applied when a party seeks permission from the court to

5   file material under seal.

6          2.      DEFINITIONS

7          2.1     Party:  any party to this action, including all of its officers, directors, employees,

8   consultants, retained experts, and outside counsel (and their support staff).

9          2.2     Disclosure or Discovery Material:  all items or information, regardless of the

10  medium or manner generated, stored, or maintained (including, among other things, testimony,

11  transcripts, or tangible things) that are produced or generated in disclosures or responses to

12  discovery in this matter.

13         2.3     "Confidential" Information or Items:  information (regardless of how generated,

14  stored or maintained) or tangible things that qualify for protection under standards developed

15  under F.R.Civ.P. 26(c).

16         2.4     Receiving Party:  a party that receives Disclosure or Discovery Material from a

17  Producing Party.

18         2.5     Producing Party:  A Party or non-party that produces Disclosure or Discovery

19  Material in this action.

20         2.6     Designating Party:  a Party or non-party that designates information or items that

21  it produces in disclosures or in responses to discovery as "Confidential".

22         2.7     Protected Material:  any Disclosure or Discovery Material that is designated as

23  "Confidential".

24         2.8     Outside Counsel:  attorney who are not employees of a Party but who are retained

25  to represent or advise a Party in this action.

26         2.9     House Counsel:  attorneys who are employees of a Party.

27         2.10    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their

28  support staffs).

2

STIPULATED PROTECTIVE ORDER                                    Case No. C-07-00641 JF

1        2.11    Expert:  a person with specialized knowledge or experience in a matter pertinent

2    to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as

3    a consultant in this action and who is not a past or a current employee of a Party or of a

4    competitor of a Party's and who, at the time of retention, is not anticipated to become an

5    employee of a Party or a competitor of a Party's.  This definition includes a professional jury or

6    trial consultant retained in connection with this litigation.

7        2.12    Professional Vendors:  persons or entities that provide litigation support services

8    (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

9    storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

10       3.      SCOPE

11       The protections conferred by this Stipulation and Order cover not only Protected Material

12   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

13   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

14   parties or counsel to or in court or in other settings that might reveal Protected Material.

15       4.      DURATION

16       Even after the termination of this litigation, the confidentiality obligations imposed by

17   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

18   order otherwise directs.  The court shall retain jurisdiction to enforce the terms of this order for

19   six months after final termination of the action.

20       5.      DESIGNATING PROTECTED MATERIAL

21       5.1     Exercise of Restraint and Care in Designating Material for Protection:  Each Party

22   or non-party that designates information or items for protection under this Order must take care

23   to limit any such designation to specific material that qualifies under FRCP 26(c).  A Designating Party

24   must make a good faith determination  to designate for protection only those parts of material,

25   documents, items, or oral or written communications that qualify – so that other portions of the

26   material, documents, items, or communications for which protection is not warranted are not

27   swept unjustifiably within the ambit of this Order.

28

3

1      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

2   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

3   unnecessarily encumber or retard the case development process, or to impose unnecessary

4   expenses and burdens on other parties), expose the Designating Party to sanctions.

5      If it comes to a Party's or a non-party's attention that information or items that it

6   designated for protection do not qualify for protection at all, or do not qualify for the level of

7   protection initially asserted, that Party or non-party must promptly notify all other parties that it

8   is withdrawing the mistaken designation.

9      5.2      Manner and Timing of Designations:  Except as otherwise provided in this Order

10  (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

11  material that qualifies for protection under this Order must be clearly so designated before the

12  material is disclosed or produced.

13      Designation in conformity with this Order requires:

14      (a)      for information in documentary form (apart from transcripts of depositions or

15  other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

16  at the top of each page that contains protected material.  If only a portion or portions of the

17  material on a page qualifies for protection, the Producing Party also must clearly identify the

18  protected portions(s) (e.g., by making appropriate markings in the margins).

19      A Party or non-party that makes original documents or materials available for inspection

20  need not designate them for protection until after the inspecting Party has indicated which

21  material it would like copied and produced.  During the inspection and before the designation, all

22  of the material made available for inspection shall be deemed.  After the inspecting Party has

23  identified the documents it wants copied and produced, the Producing Party must determine

24  which documents, or portions thereof, qualify for protection under this Order, then, before

25  producing the specified documents, the Producing Party must affix the appropriate legend

26  ("CONFIDENTIAL" at the top of each page that contained Protected Material.  If only a portion

27  or portions of the material on a page qualifies for protection, the Producing Party also must

28  clearly identify the protected portions(s) (e.g., by making appropriate markings in the margins).

4

1    (b)    for testimony given in deposition or in other pretrial or trial proceedings:  that the

2    Party of non-party offering or sponsoring the testimony identify on the record, before the close of

3    the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to

4    identify separately each portion of testimony that is entitled to protection, and when it appears

5    that substantial portions of the testimony may qualify for protection, the Party or non-party that

6    sponsors, offers, or gives the testimony may invoke on the record (before the deposition or

7    proceedings is concluded) a right to have up to 20 days to identify the specific portions of the

8    testimony as to which protection is sought.  Only those portions of the testimony are

9    appropriately designated for protection within the 20 days shall be covered by the provisions of

10   this Stipulated Protective Order.

11          Transcript pages containing Protected Material must be separately bound by the court

12   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as

13   instructed by the Party or non-party offering or sponsoring the witness or presenting the

14   testimony.

15          (c)    for information produced in some form other than documentary, and for any other

16   tangible items, that the Producing Party affix in a prominent place on the exterior of the

17   container or containers in which the information or items is stored the legend

18   "CONFIDENTIAL".  If only portions of the information or item warrant protection, the

19   Producing Party, to the extent practicable, shall identify the protected portions, specifying

20   whether they qualify as "Confidential".

21          5.3    Inadvertent Failures to Designate:  If timely corrected, an inadvertent failure to

22   designate qualified information or items as "Confidential" does not, standing alone, waive the

23   Designating Party's right to secure protection under this Order for such material.  If material is

24   appropriately designated as "Confidential" within thirty (30) days after the material was initially

25   produced, the Receiving Party, must make reasonable efforts to assure that the material is treated

26   in accordance with the provisions of this Order.

27

28

STIPULATED PROTECTIVE ORDER                                     Case No. C-07-00641 JF

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2    6.1    Timing of Challenges:  Unless a prompt challenge to a Designating Party's

3 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

4 economic burdens, or a later significant disruption or delay of the litigation, a party does not

5 waive its right to challenge a confidentiality designation by electing not to mount a challenge

6 promptly after the original designation is disclosed.

7    6.2    Meet and Confer:  A Party that elects to initiate a challenge to a Designating

8 Party's confidentiality designation must do so in good faith and must begin the process by

9 conferring directly (in voice to voice dialogue; other forms of communications are not sufficient)

10 with counsel for the Designating Party.  In conferring, the challenging Party must explain the

11 basis for its belief that the confidentiality designation was not proper and must give the

12 Designating Party an opportunity to review the designated material, to reconsider the

13 circumstances, and, if no change in designation is offered, to explain the basis for the chosen

14 designation.  A challenging Party may proceed to the next stage of the challenge process only if

15 it has engaged in this meet and confer process first.

16    6.3    Judicial Intervention:  A Party that elects to press a challenge to a confidentiality

17 designation after considering the justification offered by the Designating Party may file and

18 serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

19 applicable) that identifies the challenged material and sets forth in detail the basis for the

20 challenge.  Each such motion must be accompanied by a competent declaration that affirms that

21 the movant has complied with the meet and confer requirements imposed in the preceding

22 paragraph and that sets forth with specificity the justification for the confidentiality designation

23 that was given by the Designating Party in the meet and confer dialogue.

24    The burden of persuasion in any such challenge proceedings shall be on the Designating

25 Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

26 question the level of protection to which it is entitled under the Producing Party's designation.

27

28

6

STIPULATED PROTECTIVE ORDER                                   Case No. C-07-00641 JF

1        7.        ACCESS TO AND USE OF PROTECTED MATERIAL

2        7.1        Basic Principles:  A Receiving Party may use Protected Material that is disclosed

3   or produced by another Party or by a non-party in connection with this case only for prosecuting,

4   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

5   to the categories of persons and under the conditions described in this Order.  When the litigation

6   has been terminated, a Receiving Party must comply with the provisions of section 11, below

7   (FINAL DISPOSITION).

8        7.2        Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise

9   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may, ~~in~~

10  ~~addition to the Receiving Party,~~ disclose any information or item designated CONFIDENTIAL

11  only to:

12        (a)        the Receiving Party's Outside Counsel of record in this action, as well as

13  employees of said Counsel to whom it is reasonably necessary to disclose the information for

14  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

15  attached hereto as Exhibit A;

16        (b)        the officers, directors, and employees (including House Counsel) of the Receiving

17  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

18  "Agreement to Be Bound by Protective Order" (Exhibit A);

19        (c)        experts (as defined in this Order) of the Receiving Party to whom disclosure is

20  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

21  Protective order" (Exhibit A);

22        (d)        the Court and its personnel

23        (e)        court reporters, their staffs, and professional vendors to whom disclosure is

24  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

25  Protective Order" (Exhibit A);

26        (f)        during their depositions, witnesses in the action to whom disclosure is reasonably

27  necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

28  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

1    Material must be separately bound by the court reporter and may not be disclosed to anyone

2    except as permitted under this Stipulated Protective order.

3              (g)      The author of the document or the original source of the information.

4              (h)      A Party that receives a timely written objection must meet and confer with the

5    Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

6    agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert

7    may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

8    79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe

9    the circumstances with specificity, set forth in detail the reasons for which the disclosure to the

10   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

11   suggest any additional means that might be used to reduce that risk.  In addition, any such

12   motion must be accompanied by a competent declaration in which the movant describes the

13   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

14   confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

15   approve the disclosure.

16            In such proceeding the Party opposing disclosure to the Expert shall bear the burden of

17   proving the risk of harm that the disclosure would entail (under the safeguards proposed)

18   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

19            8.        PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

20   OTHER LITIGATION

21            If a Receiving Party is served with a subpoena or an order issued in other litigation that

22   would compel disclosure of any information or items designated in this action as

23   "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by

24   fax, if possible) immediately and in no event more than three court days after receiving the

25   subpoena or order.  Such notification must include a copy of the subpoena or court order.

26            The Receiving Party also must immediately inform in writing the party who caused the

27   subpoena or order to issue in the other litigation that some or all the material covered by the

28   subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

8

STIPULATED PROTECTIVE ORDER                                                                Case No. C-07-00641 JF

1    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

2    caused the subpoena or order to issue.

3    The purpose of imposing these duties is to alert the interested parties to the existence of

4    this Protective Order and to afford the Designating Party in this case an opportunity to try to

5    protect its confidentiality interests in the court forum which the subpoena or order issued.  The

6    Designating Party shall bear the burdens and the expenses of seeking protection in that court of

7    its confidential material – and nothing in these provisions should be construed as authorizing or

8    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

11   Material to any person or in any circumstance not authorized under this Stipulated Protective

12   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

13   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

14   (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

15   this Order, and (d) request such person or persons to execute the "Acknowledgment and

16   Agreement to Be Bound" that is attached hereto as Exhibit A.

17   10.    FILING PROTECTED MATERIAL

18   Without written permission from the Designating Party or a court order secured after

19   appropriate notice to all interested persons, a Party may not file in the public record in this action

20   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

21   with Civil Local Rule 79.5.  The burden is on the party seeking protection to show that it is warranted.

22   11.    FINAL DISPOSITION

23   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

24   after the final termination of this action, each Receiving Party (excluding this Court) must return all Protected Material

25   to the Producing Party.  As used in this subdivision, "all protected Material" includes all copies,

26   abstracts, compilations, summaries or any other form of the reproducing or capturing any of the

27   Protected Material.  With permission in writing from the Designating Party, the Receiving Party

28   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

9

STIPULATED PROTECTIVE ORDER                                                    Case No. C-07-00641 JF

1   Material is returned or destroyed, the Receiving Party must submit a written certification to the

2   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

3   deadline that identifies (by category, where appropriate) all the protected Material that was

4   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

5   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

6   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

7   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

8   work product, even if such materials contain Protected Material.  Any such archival copies that

9   contain or constitute Protected Material remain subject to this Protective Order as set forth in

10  Section 4 (DURATION), above.

11          12.     MISCELLANEOUS

12          12.1    Right to Further Relief:  Nothing in this Order abridges the right of any person to

13  seek its modification by the Court in the future

14          12.2    Right to Assert Other Objections:  By stipulating to the entry of this Protective

15  Order no Party waives any right it otherwise would have to object to disclosing or producing any

16  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

17  no Party waives any right to object on any ground to use in evidence of any of the material

18  covered by this Protective Order.

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                                          Case No. C-07-00641 JF

1

2  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4  DATED:  September 5, 2007

5                                                 William F. Schauman          /s/
                                                        Attorney for Plaintiff

6

7

8  DATED:  September 13, 2007

9                                                 Vincent P. Hurley            /s/
                                                        Attorney for Defendant

10

11

12
   PURSUANT TO STIPULATION, IT IS SO ORDERED, AS AMENDED.
13

14

15  DATED:   9/17/07

16

17                                                HOWARD R. LLOYD
                                                   United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

                                            11

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of [**insert formal name of the case and the number and initials assigned to it by the court**].  I agree to comply with and to be bound by all the terms of this Stipulated Protective order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [Printed name]


Signature: _____
                        [Signature]

12

STIPULATED PROTECTIVE ORDER                                        Case No. C-07-00641 JF